J-S24003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMANUEL JOSHUA MILLER | : | |
| | : | |
| Appellant | : | No. 209 WDA 2021 |

Appeal from the PCRA Order Entered January 14, 2021
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000465-2017

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: December 17, 2021**

Appellant, Emmanuel Joshua Miller, appeals from the order entered in the Crawford County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-46. After careful review, we affirm.

On November 6, 2017, Appellant pleaded guilty to one count of Driving Under the Influence ("DUI") and one count of Drivers Required to be Licensed.[1] In exchange, the Commonwealth agreed to withdraw six other charged offenses and to "recommend a low-end standard range sentence." N.T. Plea Hr'g., 11/6/2017, at 24. Relevant to the instant appeal, during Appellant's plea colloquy, the trial court explained that Appellant's DUI offense

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(d)(3) and 1501(a), respectively.

was "graded as a misdemeanor of the first degree which isn't typical with [a] first offense DUI. The reason for that is they're saying that there was minor in the car at the time[.]" *Id.* at 24. The court further explained that the maximum term of incarceration that could be imposed for a first-degree misdemeanor is five years. *Id.* Appellant affirmed that he understood, and admitted to all elements of the offense, including the fact that a nearly-two-year-old child was in the car with him at the time of his arrest. *Id.* at 26.

On January 30, 2018, the trial court sentenced Appellant to a term of one- to three-years' incarceration. On October 16, 2018, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Miller***, 2018 WL 4997984 (Pa. Super. filed Oct. 16, 2018) (unpublished memorandum). Appellant did not seek review from the Pennsylvania Supreme Court.

On October 30, 2019, Appellant filed a timely *pro se* PCRA Petition, alleging, *inter alia*, that (1) the Commonwealth violated his procedural due process rights by filing its complaint outside of the five-day time-period prescribed by Pa.R.Crim.P. 519(B); (2) his sentence exceeded the statutory maximum for a first offense; and (3) counsel provided ineffective assistance. *Pro Se* PCRA Petition, 10/30/2019, at 6-8. On the same date, the court appointed PCRA counsel. On December 17, 2019, Appellant filed an Amended PCRA Petition, alleging only that (1) the Commonwealth violated Pa.R.Crim.P. 519(B) by untimely filing its complaint against him, and (2) counsel provided ineffective assistance for failing to raise the Rule 519(B) issue in his motion

- 2 -

for pretrial relief, as Pa.R.Crim.P. 578 requires.[2] Amended PCRA Petition, 12/17/2019, at ¶ 27.

On October 19, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice that it intended to dismiss Appellant's petition without a hearing. The accompanying memorandum addressed only the issues raised in Appellant's Amended Petition. On October 29, 2020, Appellant filed a *pro se* "Motion to Appeal" raising, *inter alia*, the illegal sentence claim that he had included in his *pro se* PCRA Petition, *i.e.*, that his sentence exceeded what was allowed for a first-time DUI offense. On November 4, 2020, the PCRA Court entered an order stating that it would treat the *pro se* "Motion to Appeal" as a timely response to the Rule 907 Notice, review the matter, and issue an order from which Appellant would be able to appeal. Order, 11/5/2020, at 1.[3] On January 14, 2021, the PCRA court issued a Memorandum and Order denying relief after addressing each of Appellant's claims.

Appellant timely filed a notice of appeal, and both he and the PCRA Court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

---

[2] Rule 578 states that, "[u]nless otherwise required in the interests of justice, all pretrial requests for relief shall be included in one omnibus motion." Pa.R.Crim.P. 578. The comment explains that "[t]ypes of relief appropriate for the omnibus pretrial motions include [requests] to quash or dismiss an information." **Id.** at cmt. 5.

[3] In the same Order, it directed a copy of the *Pro Se* Motion forwarded to Appellant's counsel and "reminded" Appellant that he should direct future concerns through counsel.

1. Whether the [PCRA] court erred in concluding that the Commonwealth did not violate Pennsylvania Rule of Criminal Procedure 519(B)(2)?

2. Whether the [PCRA] court erred when it concluded that the sentencing court's imposition of a maximum sentence in excess of six months for the appellant's conviction of Driving Under the Influence was not illegal?

Appellant's Br. at 7.

We review a PCRA court's decision to dismiss a PCRA petition to determine if the record supports the PCRA court's findings and whether the order is otherwise free of legal error. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). We grant great deference to the PCRA court's findings if supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012). Finally, we view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. **Id.**

In his first issue, Appellant argues that the PCRA court erred by finding that the Commonwealth did not violate Rule 519(B)(2). In his Rule 1925(b) statement, however, Appellant asserted only that the court "erred by finding that the Commonwealth did not violate Rule 578(5)." Rule 1925(b) Statement, filed 2/10/21 (unpaginated). Appellant did not mention Rule 519(B)(2) at all. **See id.**

Our Rules of Appellate Procedure provide that issues not included in an appellant's Rule 1925(b) statement are waived. Pa.R.A.P. 1925(b)(4)(vii). **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (reaffirming

- 4 -

the bright line rule set forth in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), that "[a]ny issues not raised in a [Pa.R.A.P.] 1925(b) statement will be deemed waived."). Appellant did not include any challenge based in Pa.R.Crim.P. 519(B)(2) in his Rule 1925(b) statement. As a result, he has waived the issue.

In his second issue, Appellant argues that his sentence exceeded the legal maximum. Appellant's Br. at 17. Issues challenging the legality of a sentence present questions of law for which our scope of review is plenary and our standard of review is *de novo*. **Commonwealth v. Wolfe**, 106 A.3d 800, 802 (Pa. Super. 2014).

Appellant argues that because he is a first-time offender, pursuant to 75 Pa.C.S. § 3803(a)(1), the court only had the authority to impose a maximum sentence of six months' incarceration. Appellant's Br. at 17.[4] He does not address the aggravating factor of having a minor in the vehicle with him and its impact on his sentence. Based on the following analysis, we conclude Appellant's claim has no merit.

---

[4] In his brief, Appellant incorrectly argues that his first-time violation of 75 Pa.C.S. § 3802(d)(3) should be graded according to 75 Pa.C.S. § 3803(a)(1). However, § 3803(a)(1) prescribes sentence ranges only for first-time violations of 75 Pa.C.S. § 3802(a), to which Appellant did not plead guilty. 75 Pa.C.S. § 3803(b)(2) prescribes sentence ranges for first-time violations of § 3802(d)(3), to which Appellant did plead guilty. The maximum term of incarceration under either § 3803(a)(1) or § 3803(b)(2), however, is six months.

Appellant pleaded guilty to DUI-Controlled Substance, 75 Pa.C.S. § 3802(d)(3), and admitted that a young child was in the car with him at the time he committed the offense. Generally, a first-time DUI offense under 75 Pa.C.S. § 3802(d)(3) is an ungraded misdemeanor with a maximum term of incarceration of six months. 75 Pa.C.S. § 3803(b)(2). Pursuant to the grading provisions of our Vehicle Code, however, "[a]n individual who violates section 3802 **where a minor under 18 years of age was an occupant in the vehicle when the violation occurred** commits [a] misdemeanor of the first degree if the individual has no more than one prior offense." 75 Pa.C.S. § 3803(b)(5) (emphasis added).

Where, as here, a defendant commits a first-degree misdemeanor, our legislature has authorized a court to impose a term of up to five years' incarceration. 18 Pa.C.S. § 106(b)(6). Here, the court imposed a term of one- to three-years' incarceration.

While Appellant is correct that the maximum sentence generally allowed for first-time DUI offenders would be up to six months' incarceration, Appellant fails to acknowledge the fact that the presence of a child was an aggravating factor that transformed his offense from an ungraded misdemeanor subject to up to six months' incarceration to a first-degree misdemeanor subject to up to five years' incarceration. Based on our analysis above, Appellant's sentence of one- to three- years' incarceration fell below the five-year maximum

allowed by 18 Pa.C.S. § 106(b)(6). Accordingly, Appellant's second claim is without merit.

Having reviewed the record, we conclude it supports the PCRA court's findings and the Order denying relief is free of legal error. We, thus, affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/17/2021